UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 23-82 |
| DWAN RILEY | SECTION "L" (3) |

## REPORT AND RECOMMENDATION

Before the Court is the claim of ineffective assistance of counsel advanced in Dwan Riley's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (R. Doc. 228). For the following reasons, it is recommended that Riley's claim of ineffective assistance of counsel be dismissed with prejudice.

### I.      Background

A grand jury indicted Riley on April 28, 2023.[1] Pursuant to a plea agreement, Riley pled guilty to one count of a superseding bill of information charging him with conspiracy to distribute and possess with intent to distribute a quantity of heroine, fentanyl, and cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).[2] Riley waived his right to appeal or contest his sentence.[3]

Riley's sentencing hearing took place on May 9, 2024. As recently summarized by the District Court:

---

[1] R. Doc. 1.
[2] R. Doc. 235 at 2.
[3] R. Doc. 102.

1

> The Court granted two of Defendant's requests at sentencing—one that lowered the applicable Guidelines range, and one that applied a downward departure to the Court's sentence. First, Defendant objected to the application of the career offender enhancement in the Final Presentence Report ("PSR"), which caused his Guidelines range to be 151–188 months. R. Doc. 127 at 11–12. The Court granted his objection and removed the career offender enhancement from his total offense level, lowering it from a 29 to a 13 and thereby lowering the applicable Guidelines range from 151–188 months to 33–41 months. R. Doc. 140 at 3–8. Separately, the Court granted Defendant's request for a downward departure pursuant to U.S.S.G. § 5K2.23 because Defendant had already served 30 months on a related state court conviction that constituted relevant conduct. *Id.* at 8–10. Overall, however, the Court sentenced Defendant to 120 months—an upward variance from the "new" Guidelines range—because it found that a sentence within the newly applicable Guidelines range did not take into adequate consideration the history and characteristics of Defendant, including his criminal history and the nature of the instant offense. *Id.*

R. Doc. 235 at 2.[4] The appeal period expired and Riley's conviction became final on May 23, 2024.[5]

Riley filed a § 2255 petition on June 26, 2025,[6] alleging in relevant part that his attorney provided ineffective assistance of counsel by failing to appeal Riley's sentence.[7] After reviewing the parties' briefing and the affidavit of Riley's counsel, the District Court concluded "that more fact-finding is necessary before it rules on the merits of Riley's § 2255 motion with respect to the ineffective assistance of counsel argument."[8] In particular, the District Court noted that there was insufficient

---

[4] The District Court originally pronounced a 120-month sentence, but adjusted it to 90 months after remarks by Riley's counsel. R. Doc. 140 at 20–22.

[5] R. Doc. 235 at 2.

[6] The District Court construed the petition as timely for reasons set forth in its October 2, 2025 Order. R. Doc. 235 at 3–4.

[7] R. Doc. 235 (citing R. Doc. 228).

[8] *Id.* at 8.

evidence in the record to determine whether Riley asked his counsel to file a notice of appeal and whether counsel's performance was deficient under the standard enumerated in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Accordingly, the District Court referred the ineffective assistance of counsel claim to the undersigned for an evidentiary hearing and appointed counsel to represent Riley in the proceeding.[9]

## II.    Law and Analysis

### A.    28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Review under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) (internal citations omitted); *see Hill v. United States*, 368 U.S. 424, 428 (1962).

The defendant bears the burden of establishing his claim of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). If the court determines that the prisoner is entitled to relief, it "shall vacate

---

[9] *Id.* at 9.

and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees "reasonably effective" legal assistance. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. 466 U.S. at 687. To show ineffective assistance, the defendant must prove (1) counsel's representation fell below an objective standard of reasonableness, and (2) such deficient performance prejudiced the defendant. *Id.*

In *Roe v. Flores-Ortega,* the Supreme Court addressed how the *Strickland* test applies in the context of counsel's failure to file an appeal when the defendant has not clearly conveyed his wishes regarding an appeal. 528 U.S. 470 (2000). "[T]he first *Strickland* prong begins with the question whether counsel consulted with the defendant regarding an appeal." *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (internal quotations and citations omitted). If counsel consulted with the defendant, the performance is deficient only if counsel fails to follow the defendant's express instructions relative to the appeal. *Id.* at 324. "If, however, counsel failed to consult with the defendant about an appeal, then the question is whether that failure was unreasonable because it breached the duty to consult." *Id.* "Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want

4

to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.*

Under *Flores-Ortega*, a defendant may satisfy the prejudice prong of the *Strickland* test by showing that, but for counsel's deficient failure to consult with him about an appeal, there is a reasonable probability that he would have timely appealed. 528 U.S. at 471. "The key requirement here is that the counsel's deficient performance actually caused the defendant's forfeiture of a direct appeal—if defendant cannot show this causation, he would not be prejudiced and thus not be entitled to relief." R. Doc. 235 at 6 (citing *id.* at 484). "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Flores-Ortega*, 528 U.S. at 472. A defendant is not required, however, to show that his appeal would likely have had merit. *Id.* at 486. The prejudice prong test applies even when a defendant has waived his right to direct appeal and collateral review. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

## III.  Analysis

### A.    Evidentiary Hearing

Riley and his counsel[10] both testified at the evidentiary hearing. It is undisputed that Riley's counsel did not confer with him after sentencing relative to

---

[10] References herein to "counsel" are to Riley's former counsel Jeffrey Sandman, who represented him at the sentencing hearing. Riley was represented by separate counsel at the hearing on the § 2255 petition.

the possibility of appeal and that Riley did not instruct counsel to file an appeal.[11]

Thus, the relevant inquiry is whether: (1) Riley reasonably demonstrated to counsel

that he was interested in appealing or (2) a rational defendant would want to appeal.

*Flores-Ortega*, 528 U.S. at 471. As set forth below, Riley's claim satisfies neither

standard.

Testimony from counsel and evidence of statements made by Riley shortly

after sentencing demonstrate that Riley was very satisfied with the outcome of his

sentencing hearing. The day after sentencing, Riley placed a phone call to his child's

mother and stated, "everything my lawyer, all my arguments, I won, you heard he

kept saying 'granted, granted'," that his lawyer "put up good arguments," and "did a

damn good job."[12] On the same day, Riley called his mother and told her that his

lawyer "fought his ass off," "did his thing," that "a lot of people saying 'man your your

lawyer good'," and "originally, I would have been looking at [] fifteen years."[13] Riley's

testimony that he only made those statements to comfort his family after his

sentencing[14] was not credible given the content of the telephone recordings and

Riley's demeanor on the stand. There is no evidence that Riley indicated interest in

an appeal to his counsel, and his statements to third parties confirm he had no such

interest.

---

[11] R. Doc. 79:12–14.

[12] Government Exhibit 2; R. Doc. 260 at 23:2–24:1; R. Doc. 257.

[13] Government Exhibit 3; R. Doc. 260 at 22:11–23; R. Doc. 257.

[14] R. Doc. 260 at 22:11–24:1, 35:8–11.

Riley also expressed satisfaction with his sentence to his counsel the day after the deadline to appeal expired. On May 24, 2024, Riley called Sandman to confirm the length of time he would have to serve on his sentence.[15] During that call, Sandman stated that Riley's sentencing was a "really good result," to which Riley responded, "hell yeah."[16] Sandman then continued, "I think we really really couldn't have asked for much more from the judge, he really did us a solid."[17] Riley responded, "man that was great, man. I'm I'm very impressed. I couldn't have asked for nothing better, couldn't have asked for nothing better. You did a wonderful job, man," and then "yah I was impressed, so but I'm, you know, fine with everything, I was just double checking."[18] Although Riley maintains that his compliments to his counsel were sarcastic,[19] the Court does not find this explanation credible. Similarly, the Court does not find Riley's representations that he was pleased with his counsel's representation but not with the sentence to be believable.[20]

The Court did find credible, however, Riley's testimony that his desire to appeal stemmed from learning that his sentence—the first imposed in the case—was longer than that of his co-defendants.[21] Riley's co-defendants, however, were

---

[15] R. Doc. 260 at 58:19–25, 59:18–24.

[16] Government Exhibit 4; R. Doc. 260 at 24:5–13, 24:24–25:2.

[17] Government Exhibit 4.

[18] *Id*.

[19] *Id*.at 35:17–21.

[20] *Id*. at 25:3–5, 28:7–11.

[21] *Id*. at 34:6–14.

sentenced on September 19, 2024,[22]  November 21, 2024,[23] and February 6, 2025.[24] Thus, the facts that prompted Riley's dissatisfaction with his sentence arose long after the expiration of the May 23, 2024 deadline to appeal. *See* Fed. R. App. P. 4(b)(1)(A) (providing that a defendant's notice of appeal in a criminal case must be filed in the district court within 14 days of entry of judgment).

### B.     Riley's Ineffective Assistance of Counsel Claim

Riley claims that he was denied effective assistance of counsel. Given that counsel did not consult with Riley relative to an appeal, Riley did not request an appeal, and Riley demonstrated satisfaction with his sentence, *Strickland*'s first prong requires Riley to show that "a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal)" such that his counsel had a duty to consult with Riley regarding the possibility of an appeal. In post-hearing briefing, Riley emphasizes that the sentence he received (90 months) was more than double the top of the guidelines range (33–40 months).[25] That range, however, reflects the effectiveness of Riley's counsel in advocating on his behalf.[26]  Prior to the sentencing hearing, the range had been calculated as 188–235 months. The Supreme Court's analysis in *Flores-Ortega* indicates that counsel's performance was not deficient under these circumstances.

---

[22] R. Doc. 185.

[23] R. Doc. 199.

[24] R. Doc. 219.

[25] R. Doc. 263.

[26] At sentencing, the District Court noted that it had received "extensive and helpful memos and cases." R. Doc. 140 at 3:5–7.

In *Flores-Ortega,* the Supreme Court confirmed that counsel does not have a constitutional duty to consult with a defendant about an appeal in every case:

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal.

*Roe v. Flores-Ortega*, 528 U.S. at 479 (internal citations omitted). This hypothetical scenario parallels Riley's circumstances in many respects.

Counsel consulted with Riley about his initial guidelines and the "colorable arguments" that may reduce it.[27] Ultimately, Riley received a sentence that was below even what his counsel had predicted as in the realm of realistic expectations.[28] Riley and his counsel were very satisfied with the result. As Riley explained during the recorded telephone call the day after his sentencing, counsel "put up good arguments," and "did a damn good job."[29] Further, counsel's testimony confirmed that there were no "nonfrivolous grounds for appeal."[30] Under these circumstances, it would be "difficult to say," at the very least, that Riley met *Strickland*'s first prong.

---

[27] R. Doc. 260 at 46:22–25.

[28] R. Doc. 260 at 50:4–10 ("So I was thrilled with how sentencing went.  I had believed then, I honestly –despite Mr. Riley's testimony [at the § 2255 proceeding]—believe today that he too was really excited by how that sentencing hearing went because we couldn't realistically have expected to do as well as we did ultimately receiving a sentence in which Mr. Riley was likely to be home within about six years.").

[29] Government Exhibit 2; R. Doc. 260 at 23:2–24:1.

[30] R. Doc. 260 at 53:9–11.

*See Flores-Ortega*, 528 U.S. at 479. Riley's inability to demonstrate prejudice, however, obviates the need for further analysis.

"A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 670. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, [] that course should be followed." *Id.*

Riley essentially concedes that he cannot satisfy the prejudice prong of the *Strickland* test given the evidence developed at the hearing.[31] His own testimony confirmed that the catalyst for his desire to appeal was the sentencing disparity between him and his co-defendants. But his co-defendants' sentencing hearings did not commence until approximately four months after Riley's deadline to appeal had expired.[32] Thus, Riley fails to demonstrate that he would have timely appealed under the second prong of the *Strickland* test. Riley has not demonstrated that his counsel's allegedly deficient performance caused his forfeiture of a direct appeal. Accordingly, Riley's claim of ineffective assistance of counsel should be denied.

### RECOMMENDATION

It is therefore **RECOMMENDED** that Riley's claim of ineffective assistance of counsel be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions,

---

[31] R. Doc. 263 at 1, 4–5.
[32] R. Doc. 185.

10

and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds.*

New Orleans, Louisiana, this 12th day of March, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

11